DEKLE, Justice.
There has been no final hearing in this workmen’s compensation case. The two sides seem to have been “jockeying for position” in the presentation of their cases before the Judge of Industrial Claims. Just five days prior to scheduled final hearing, respondent-employer moved for a second compulsory physical, which was granted, but petitioner-claimant’s attorney says that he never did receive a copy of such order, so that upon appearing at the hearing he was taken by surprise and stated that he was prepared to proceed, although it would be prejudicial to have a subsequent further physical examination of his client prior to the employer putting on his case thereafter. According to the employer’s version, claimant’s counsel refused to go forward at the time of the hearing.
Employer’s motion to dismiss was granted without any testimony or evidence being *252 presented. Thereafter the Claims Judge vacated his earlier order requiring the second physical examination by claimant and entered a formal order of dismissal, invoking the appellate process.
Upon this state of the record, the Full Commission denied the review and stated that “the findings of fact of the Judge of Industrial Claims were supported by competent substantial evidence.” This is hardly possible when there had been no hearing upon which “findings” could be based.
The tactical moves outlined apparently precipitated a dismissal of the cause. A new date should have been set under the circumstances and the cause heard.
Certiorari is accordingly granted; the order and decision of the Industrial Relations Commission is quashed; and the cause is remanded to the Judge of Industrial Claims for hearing and entry of his findings and order thereon.
It is so ordered.
ROBERTS, C. J., and ERVIN, ADKINS and BOYD, JJ., concur.