629 So.2d 236 (1993)
William ROBERTS, Appellant,
v.
BEN HILL GRIFFIN, INC., Appellee.
No. 93-2177.
District Court of Appeal of Florida, First District.
December 14, 1993.
Rehearing Denied January 13, 1994.
*237 William L. Welker of Goldberg, Goldstein & Buckley, P.A., Ft. Myers; and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellant.
Bernard J. Zimmerman and Joseph A. Regnery of Zimmerman, Shuffield, Kiser & Sutcliffe, P.A., Orlando, for appellee.
DAVIS, Judge.
William Roberts has appealed a non-final order of the Judge of Compensation Claims (JCC) granting appellee Ben Hill Griffin, Inc.'s motion to compel an independent medical examination (IME). We have jurisdiction, Fla.R.Work.Comp.P. 4.160(b)(5), and reverse.
In November 1992, Roberts filed a claim for benefits based on an alleged exposure to toxic chemicals. At Ben Hill's request pursuant to section 440.13(2)(b), Florida Statutes (1991)[1], Roberts thereafter underwent an IME by Dr. Goldman. Three months later, Ben Hill filed a motion with the JCC to compel a second IME by a neurotoxicologist. As grounds for the motion, Ben Hill stated only that Dr. Goldman had "recommended" the IME and that it was "necessary for proper investigation" of the claim. No hearing was set or had on the motion. Two days after its filing, the JCC granted it without explanation.
Roberts bases his argument for reversal on Fla.R.Work.Comp.P. 4.140(a), which provides, in pertinent part, that
[a]ny matter relating to ... discovery may be raised by motion before the judge of compensation claims. The motion shall be filed with the judge of compensation claims ... who will promptly hear and decide the issues raised by the parties after giving not less than 5 days written notice to all parties.
Roberts maintains that, under the plain language of the rule, the JCC herein was required to hear the motion to compel after 5 days written notice. Thus, the JCC's ex parte ruling 2 days after the filing of the motion was clearly error. Roberts further maintains that, without a hearing, this court cannot find the order supported by competent substantial evidence, see Maysles v. May, 251 So.2d 251 (Fla. 1971) (not possible for findings to be supported by CSE without a hearing upon which findings could be based).
Ben Hill counters with citation to section 440.29(1), Florida Statutes (1991), which provides that, in making an investigation or inquiry or conducting a hearing, the JCC is not bound by technical or formal rules of procedure, but may do so in such manner as to best ascertain the rights of the parties. Ben Hill points out that this provision has *238 been interpreted to mean that the JCC may order a claimant to submit to an IME, Berry Corp. v. Smith, 576 So.2d 1366 (Fla. 1st DCA 1991), and argues that thus the JCC did not have to hold a hearing before entering the order herein.
We find that Berry did not obviate the requirements of Fla.R.Work.Comp.P. 4.140(a) by its holding that section 440.29(1) authorizes the JCC to order an IME as an exercise of his investigatory powers. Assuming arguendo that a JCC could order an IME as an exercise of his investigatory power without giving a claimant the opportunity to be heard, the JCC herein ruled in response to a discovery motion filed by the employer. Rule 4.140(a) provides that the JCC "will promptly hear and decide" such motions, after giving the parties "not less than 5 days written notice" (emphasis supplied). The JCC did not comply with this rule, and thus entered the appealed order in error.
We further find that the error was not harmless. Section 440.13(2)(b) provides, in pertinent part:
The [employer's] right to conduct an [IME] includes, but is not limited to, instances when the authorized treating physician has not provided current medical reports; determining whether overutilization by a health care provider has occurred; whether a change in health care provider is necessary; or whether treatment is necessary or the employee appears not to be making appropriate progress in recuperation.
This court has held that this right to an IME is not without limits and that section 440.13(2)(b) "seems to impose a `reasonableness' requirement subject to the scrutiny of the JCC." Farm Stores, Inc. v. Fletcher, 621 So.2d 706 (Fla. 1st DCA 1993).
Here, it is undisputed that Roberts had already undergone one IME at the employer's request. However, the instant motion does not set forth any of the statutory grounds in support of a second IME, nor indeed any facts in support thereof. It states only that Dr. Goldman "recommended" the IME (but not on what basis), and that it was "necessary" to its investigation of the claim (but not in what way). Because there were no facts in the motion from which the JCC could "scrutinize" the reasonableness of a second IME, Farm Stores, we find that the failure to hold a hearing on the motion after the notice required by Rule 4.140(a) was not harmless error. We reverse the order appealed herein, and remand with directions to consider the motion to compel in accordance with Rule 4.140(a).
Reversed and remanded with directions.
ZEHMER, C.J., and SHIVERS, Senior Judge, concur.
NOTES
[1] The employer or carrier has the right to schedule an independent medical examination with a health care provider of its choice, at a reasonable time to assist in determining the employee's status.