643 So.2d 1180 (1994)
Yvonne E. REED, Appellant/Cross-Appellee/Petitioner,
v.
Yvonne E. REED, P.A./State Farm Fire & Casualty Insurance Company, Appellees/Cross-Appellants/Respondents.
No. 94-592.
District Court of Appeal of Florida, First District.
October 17, 1994.
*1181 Yvonne E. Reed, pro se.
Michael J. Rudicell of McConnaughhay, Roland, Maida, Cherr & McCranie, P.A., Pensacola, for appellees.
VAN NORTWICK, Judge.
Yvonne E. Reed (claimant) filed a notice of appeal/petition for writ of certiorari seeking review of an order of the Judge of Compensation Claims (JCC), which granted the motion of the employer/carrier (E/C) to compel independent medical examinations (IMEs). The E/C cross-appealed that portion of the order which required the E/C to submit a list of three physicians in each specialty to the claimant, who would then choose the examining physicians to conduct the IMEs. Pursuant to Florida Rule of Workers' Compensation Procedure 4.160, this court declined to review the claimant's appeal/petition for writ of certiorari but accepted jurisdiction of the E/C's cross-appeal. We reverse that portion of the JCC's order permitting the claimant to choose the examining physicians as it conflicts with section 440.13(2)(b), Florida Statutes (1993), which gives the E/C the right to select the health care provider "of its choice" to perform the IME.
Claimant, an attorney in solo private practice, was injured in an automobile accident, which she alleges occurred in the course and scope of her employment. In addition to her workers' compensation claim against the E/C herein, she pursued an uninsured motorist claim in circuit court against State Farm Mutual Automobile Insurance Company, an automobile liability insurance carrier affiliated with the carrier in the workers' compensation action.
In the circuit court action, claimant underwent IMEs with a psychiatrist, an orthopedist, and an internist. Thereafter, the E/C moved to compel IMEs by several specialists in this workers' compensation action pursuant to section 440.13(2)(b), Florida Statutes (1993).[1] The motion to compel states that the E/C is seeking the IMEs to determine whether over-utilization by a health care provider has occurred and whether treatment is necessary.
Claimant objected, contending she should not be required to have second independent psychiatric, orthopedic and cardiological medical examinations since the carrier should have the benefit of the examinations performed in the circuit court action. The E/C responded that the carrier in the circuit court action was a State Farm entity separate and distinct in corporate structure and operations from the carrier in this workers' compensation action, and that the E/C's request was not an attempt to obtain second IMEs of the claimant.
The JCC granted the E/C's motion to compel claimant's attendance at IMEs with a psychiatrist, cardiologist or internist, and orthopedic surgeon, among others. In addition, however, the JCC ordered the E/C to provide the claimant a list of names of three *1182 physicians from each of the IME specialties from which the claimant would choose the physicians to perform the examinations. Relying upon Roberts v. Ben Hill Griffin, Inc., 629 So.2d 236 (Fla. 1st DCA 1994), and Farm Stores, Inc. v. Fletcher, 621 So.2d 706 (Fla. 1st DCA 1993), the JCC in essence reasoned that, since section 440.13(2)(b) imposes a "reasonableness" requirement, giving the claimant the right to select the examining physicians from three names supplied by the E/C was a reasonable means to ensure the objectiveness of the IME evaluations.[2]
Section 440.13(2)(b) clearly provides that the E/C has the right to schedule an IME with a health care provider "of its choice" to assist in determining whether over-utilization by a health care provider has occurred and whether medical treatment is necessary.[3] By granting the party seeking the IME the choice of selecting the examining physicians, the statute effectively recognizes that such physicians are essentially expert witnesses of the party requesting the examinations. Adelman Steel Corp. v. Winter, 610 So.2d 494, 505 (Fla. 1st DCA 1992).[4] Thus, the JCC's order, in effect, gives the claimant the right to choose the E/C's expert witness.
It is true that this court employed a "reasonableness" standard in construing section 440.13(2)(b) in Roberts v. Ben Hill Griffin, Inc. and Farm Stores, Inc. v. Fletcher. These cases, however, merely require the E/C to invoke its right to conduct an IME in a reasonable manner and in a reasonable time. Specifically, the reasonableness requirement in those cases related to requiring a hearing on the motion to compel, and requiring timely action by the E/C in securing an agreed upon IME, respectively. Unlike the facts in Roberts and Farm Stores, here the record contains no competent, substantial evidence that the E/C is unreasonably seeking to invoke its rights to require an IME or that the E/C's choice of physicians would result in an unobjective evaluation. Rather than imposing a reasonableness standard, the process of selection required by the JCC amounts to an undue limitation upon the E/C's right to select the medical specialists of its choice to perform the independent medical examinations.
REVERSED.
KAHN and MICKLE, JJ., concur.
NOTES
[1] This statute provides in pertinent part:

The right to conduct an independent medical examination includes, but is not limited to, instances when the authorized treating physician has not provided current medical reports; determining whether overutilization by a health care provider has occurred; whether a change in health care provider is necessary; or whether treatment is necessary or the employee appears not to be making appropriate progress in recuperation. The employer or carrier has the right to schedule an independent medical examination with a health care provider of its choice, at a reasonable time to assist in determining this status. (Emphasis added).
[2] IME is defined in section 440.13(1)(c) to mean an IME is an objective medical or chiropractic evaluation of the injured employee's medical condition and work status.
[3] In their brief, the E/C have noted that section 440.13 was substantially amended in the 1993 legislative session. Ch. 93-415, § 17, Laws of Florida, effective January 1, 1994. However, the E/C have not made the argument that the newly enacted section 440.13(5)(a) is a remedial statute which governs disposition of this case, and therefore the applicability of the amended statute will not be addressed.
[4] While the passage of Chapter 93-415, § 17, Laws of Florida, effectively reversed the holding in Adelman Steel by establishing that:

[U]pon the request of the employer, the carrier, or the attorney for either of them, the medical records of an injured employee must be furnished to those persons and the medical condition of the injured employee shall be discussed with those persons... .
Section 440.13(4)(c), Florida Statutes (Supp. 1994), the legislature did not provide that examining physicians act in any capacity other than a witness for the party requesting the IME. Thus, the conclusion of this court in Adelman Steel with respect to the expert witness status of such examining physicians remains viable.