PER CURIAM.
The claimant appeals an order of the Judge of Compensation Claims (JCC) denying increased attendant care benefits. The employer/earrier (E/C) cross-appeal from an order of the JCC prohibiting ex parte communications by the E/C with the claimant’s physicians. Because the findings in the order on appeal are supported by competent substantial evidence, the order on appeal is affirmed. We find it necessary, however, to reverse the order on cross-appeal.
Effective January 1, 1994, section 440.13(4)(c), Florida Statutes provides in part:
(c) It is the policy for the administration of the workers’ compensation system that there be reasonable access to medical information by all parties to facilitate the self-executing features of the law. Notwithstanding the limitations in s. 455.241 and subject to the limitations in s. 381.004, upon the request of the employer, the carrier, or the attorney for either of them, the medical records of an injured employee must be furnished to those persons and the medical condition of the injured employee must be discussed with those persons, if the records and the discussions are restricted to conditions relating to the workplace injury. Any such discussions may be held before or after the filing of a claim without the knowledge, consent, or presence of any other party or his agent or representative.
As this Court has previously noted, this amendment effectively reversed the holding in Adelman Steel Corporation v. Winter, 610 So.2d 494 (Fla. 1st DCA 1992). Reed v. Reed, P.A., 643 So.2d 1180, 1182 n. 4 (Fla. 1st DCA 1994). We reject the claimant’s argument that the amendment was substantive. There was no demonstration in the record of an abuse by the E/C of the statutory right to hold such discussions. Accordingly, the order on cross-appeal is reversed.
BARFIELD, C.J., and ERVIN and DAVIS, JJ., concur.