PER CURIAM.
Petitioners John Hauser and George Sperber, claimants in a workers’ compensation proceeding below, seek certiorari review and quashing of a discovery order by the judge of compensation claims (JCC) granting the employer/carrier’s (E/C) motion to compel inspection of claimants’ homes by a certified industrial hygienist. Upon review of the petition, the response by the E/C, and claimants’ reply, we approve the order under review and deny the petition for certiorari.
*989 I. DISCOVERY PROCEEDINGS BEFORE THE JCC
Claimants Hauser and Sperber, along with sixty-three other claimants, filed petitions for workers’ compensation benefits alleging injuries due to repetitive exposure to toxic molds and related organic substances in the Volusia County Jail, where all claimants were employed as corrections officers. The E/C filed an amended motion for order compelling inspections of the claimants’ residences by a certified industrial hygienist. The scope of the discovery sought is described in the motion to compel as follows:
The consultant will take photographs, as necessary, collect air and dust samples from various locations within and outside the home, observe the ventilation system and collect environmental data. He will need approximately five to six hours in each claimants home.
Claimants filed their written response objecting to the E/C’s request for inspection and testing of their homes. Although based upon numerous grounds, they primarily contended that the discovery sought had not been shown to be necessary or relevant to the pending issues, and that the discovery should be denied in the absence of a full evidentiary hearing. Claimants stressed the importance of demanding adequate proof of entitlement to the discovery, giving fair consideration to the “intrusive nature” of the request. Claimants also asserted that allowance of the discovery should be conditioned upon certain reciprocal actions by the E/C not pertinent to our present discussion.
After receiving the E/C’s reply to claimants’ response to the motion for order compelling inspection of premises, and a surreply in the form of a letter from claimants’ counsel, the JCC entered an order granting the E/C’s motion for an order compelling inspection of the claimants’ residences. The JCC’s order states, in part:
The court finds the employer/carrier’s request for inspection to be relevant and-reasonably calculated to lead to the discovery of admissible evidence even after consideration of the intrusive nature of the request'.
(Emphasis added.) '
The JCC denied claimants’ request for an evidentiary hearing, citing as authority rules 60Q — 6.114(2) and (5), of the Florida Administrative Code (2003). This denial was accompanied by the JCC’s finding:
The court finds determination of the employer/carrier’s motion for inspection of premises does not require the taking of evidence. Please see 60Q-6.115(1) through (4).
II. RIGHT TO EVIDENTIARY HEARING
As an initial matter, we conclude that the JCC did not err in finding the E/C’s request for inspection of claimants’ homes to be relevant and reasonably calculated to lead to the discovery of admissible evidence. It seems patently obvious that because the injuries suffered by claimants are alleged to be related to the environmental condition of their workplace (toxic molds and other organic substances), the environmental condition of claimants’ homes would also be relevant.
In their response to E/C’s request for discovery, claimants asserted their “right to a full evidentiary hearing.” Claimants cite no statutory or regulations authority for this asserted “right.” Rather, in their petition for certiorari, claimants rely upon the decision in Roberts v. Ben Hill Griffin, Inc., 629 So.2d 236 (Fla. 1st DCA 1993). We find Roberts to be inappo-site to the case before us. The Roberts decision found that it was error to grant “ex parte” a motion to compel a second IME without affording claimant any notice or opportunity to be heard, and there were *990 no facts alleged in the motion to compel which would support a statutory ground for a second IME. Roberts did not set forth any requirement for an evidentiary hearing. Furthermore, the Roberts decision was based upon rule 4.140(a), Florida Rules of Workers’ Compensation Procedure, which is no longer in effect. The subsequent rule, rule 4.065, does not require a hearing for procedural motions. The Committee Notes to rule 4.065 state in relevant part: “... the judge has discretion to determine whether and when an evidentiary hearing is necessary.” In re Amendments to the Fla. Rules of Workers’ Comp. Procedure, 795 So.2d 863, 871 (Fla.2000).
Further, under chapter 60Q-6 of the Florida Administrative Code “... unless the judge determines that a hearing is necessary based upon the statements in the motion and/or response as to why a hearing is necessary, written motions will normally be disposed of without a hearing. ...” Fla. Admin. Code r. 6.115(4) (2003). It is apparent from the finding of the JCC in the order before us that the need for an evidentiary hearing was considered and rejected by the JCC. In their reply to the E/C’s response to their petition for certiorari, claimants in fact concede that the current workers’ compensation rules “do not mandate a hearing on discovery disputes” unless deemed necessary by the JCC.
In support of their argument for the right to an evidentiary hearing, claimants also cite Suburban Propane v. Estate of Pitcher, 564 So.2d 1118 (Fla. 1st DCA 1990), and Southeast Recycling Corp. v. McClure, 658 So.2d 670 (Fla. 1st DCA 1995). We find nothing in these cases to alter our view that the necessity for an evidentiary hearing in workers’ compensation discovery disputes is a matter within the discretion of the JCC. Contrary to the position urged by claimants, the burden is upon the party opposing discovery to state objections and to set forth with some particularity the reasons why an evidentiary hearing is needed. Unless the objections set forth a claim of privilege, a trade secret or work-product, the party seeking discovery does not have to show good cause. See generally Hartford Accident & Indem. Co. v. McGann, 402 So.2d 1361 (Fla. 4th DCA 1981) (noting Florida Rules of Civil Procedure 1.350, committee notes no longer contain a good cause requirement and objecting party has first burden of establishing privilege).
III. NEED FOR ADDITIONAL PARAMETERS AND LIMITATIONS ON DISCOVERY
We next consider claimants’ argument that the JCC’s order departs from the essential requirements of law for failure to set parameters or limitations on the inspection of claimants’ homes. We note initially that the JCC’s order grants the E/C’s motion to compel which by its terms set forth, albeit in general terms, the scope of the discovery request and a description of the actions to be taken by the inspector. From the contents of the motion and the JCC’s order it is clear that the inspection will consist only of the collection of “air and dust samples” from various locations “within and outside the home,” observation of the “ventilation system,” and collection of “environmental data.” Photographs will also be taken “as necessary.” The estimated time for inspection will be “approximately five to six hours in each claimant’s home.”
We disagree with claimants’ assertion that the JCC’s order contemplates “unfettered access.” Nothing in the order prevents claimants or their representatives from being present at all stages of the discovery inspection. Any attempted actions taken by the E/C’s inspector other *991 than as encompassed by the E/C’s motion and the JCC’s order granting the motion would be impermissible, and would necessarily be within claimants’ right to prohibit based upon claimants’ right of dominion and control over their own homes.
Although claimants deplore the absence of additional parameters and limitations in the JCC’s order, neither in their objections filed below, nor in the petition before us have they described any further parameters or limitations they deem essential to protection of claimants’ privacy interest. Considering the nature of the information sought and the means for obtaining it, we find that claimants have failed to show the need for additional parameters and limitations. We are not persuaded that remand to the JCC for further elaboration is necessary to comply with the essential requirements of law, and therefore reject this ground for the petition.
IV. RIGHT OF PRIVACY AND NEED FOR “BALANCING”
We agree that the “potential for invasion of privacy is inherent in the litigation process.” Rasmussen v. S. Fla. Blood Serv., 500 So.2d 533, 535 (Fla.1987). As a consequence, the Rasmussen court stated:
In deciding whether a protective order is appropriate in a particular case, the court must balance the competing interest that would be served by granting discovery or by denying it.
Id. at 535 (citations omitted).
Although claimants rely heavily on the decision in Rasmussen, we find that the “competing interests” with which the court was dealing in Rasmussen do not remotely resemble those involved in the case before us. Rasmussen involved the primary interests of blood donors, a blood service, and society in maintaining a strong volunteer donor system which would have been threatened by the disclosure of the blood donors’ names and addresses. It was therefore of great concern to the court that these interests be carefully weighed against the need for these names and addresses by a plaintiff who claimed to have contracted AIDS from a transfusion provided by the defendant blood service. After extensive discussion of the right of privacy under the U.S. Constitution, the Rasmussen court noted that a Florida citizen’s right to privacy is independently protected by our state constitution under Article I, section 23. As to this constitutional right to privacy, the court observed:
Although the general concept of privacy encompasses an enormously broad and diverse field of personal action and belief, there can be no doubt that the Florida amendment was intended to protect the right to determine whether or not sensitive information about oneself will be disclosed to others.
Id. at 536 (footnote omitted; emphasis added).
The privacy interests of a homeowner in the dust and air found in his home involves nothing that we can imagine in the way of “personal action and belief’ that might be considered “sensitive information about oneself.” We find no comparison between claimants’ asserted privacy interests and the privacy interests of a voluntary donor of ‘blood to a blood service accused of supplying blood contaminated with the AIDS virus. Here, only the claimants and members of their respective households will be inconvenienced, and the only “sensitive information” relates to the presence or absence of toxic molds or related organic substances in their household dust or air. In Rasmussen, the court found that disclosure of non-party blood donor identities “in any context involving AIDS could be extremely disruptive and even devastating to the individual donor.” Id. at 537. The stigmatizing effect of being associated *992 with the AIDS virus is so self-evident as to need no further elaboration.
We find the same lack of comparison between discovery in this case and others cited by claimants, including Beverly Enterprises-Florida, Inc. v. Deutsch, 765 So.2d 778 (Fla. 5th DCA 2000) (quashing discovery order allowing entry and inspection of nursing home room where a patient fell and broke her hip, finding inspection would violate privacy rights of other nursing home residents, who are innocent non-parties, disapproved on other grounds by Alterra Healthcare v. Estate of Shelley, 827 So.2d 936 (Fla.2002)); Strasser v. Yalamanchi, 669 So.2d 1142 (Fla. 4th DCA 1996); and S. Diagnostic Assocs. v. Bencosme, 833 So.2d 801 (Fla. 3d DCA 2002). In Strasser, the Fourth District found the need for additional evidence to demonstrate the likelihood of retrieving purged information from defendant’s computer, and a further order defining parameters of time and scope, and sufficient access restrictions to prevent compromising patient confidentiality. In Southern Diagnostic Assocs. an order compelling inspection of a non-party’s computer system was determined to be overly-broad, and required on remand the crafting of a narrowly tailored order providing confidentiality. Here, claimants have no argument why they would have a need for privacy and confidentiality as to the air and dust samples from their homes that would tend to outweigh the need for determination of the presence of toxic molds or other harmful substances in their home environment.
V. ABSENCE OF “MATERIAL HARM”
Finally, claimants’ petition alleges that the order for inspection will cause “material harm” that could not be adequately remedied on appeal. Neither in their objections filed below nor in their petition before this court have claimants identified the nature of any “material harm” they anticipate from the proposed inspections. Significantly, they also do not suggest what, if any, evidence they would produce if given an opportunity to establish the likelihood of such harm at an evidentiary hearing. Furthermore, they do not elaborate in any respect upon the nature of any parameters or limitations they feel are essential to preventing or reducing such unspecified harm.
Accordingly, the petition for certiorari is denied.
ERVIN and BOOTH, JJ„ SMITH, LARRY G., Senior Judge, concur.