989 So.2d 1242 (2008)
Susan VALLIERE and A. James Valliere, Petitioners,
v.
FLORIDA ELECTIONS COMMISSION, Respondent.
No. 4D08-1709.
District Court of Appeal of Florida, Fourth District.
September 10, 2008.
*1243 Mark Herron and Robert J. Telfer III of Messer, Caparello & Self, P.A., Tallahassee, for petitioner Susan Valliere.
A. James Valliere, Stuart, pro se.
Bill McCollum, Attorney General, Charles B. Upton, Deputy Solicitor General, and Charles A. Finkel, Tallahassee, for respondent.
PER CURIAM.
Petitioners seek review of an order by an administrative law judge determining that the attorney-client privilege did not apply to communications between two attorneys and the petitioners. The administrative law judge held an evidentiary hearing and determined that the petitioners had not sought legal advice from the attorneys. We conclude that no departure from the essential requirements of law has been shown.[1]
The determination of an attorney-client relationship is a question of fact. "[T]he test for determining the existence of [an attorney-client] relationship is a subjective one and `hinges upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention is to seek professional legal advice.'" Green v. Montgomery County, 784 F.Supp. 841, 845-46 (M.D.Ala.1992) (citations omitted). However, "[t]his subjective belief must ... be a reasonable one." Id. See also Bartholomew v. Bartholomew, 611 So.2d 85, 86 (Fla. 2d DCA 1992).
Although the petitioners testified that they believed that they were consulting the attorneys for legal advice, the evidence presented a conflicting picture. The petitioners had substantial contacts with the attorneys for political advice, not legal advice, and the particular conversations sought to be protected occurred at a social gathering when the main thrust of the conversation was political. The administrative law judge concluded that the petitioners were not consulting with the attorneys in their professional capacity, nor was their manifest intention to seek professional legal advice.
In order to grant the petition and quash the order, we must conclude that the administrative law judge departed from the essential requirements of law. Where the ruling is based upon competent substantial, albeit disputed, evidence, we cannot conclude that a departure from the essential requirements of law has occurred. We deny the petition.
SHAHOOD, C.J., WARNER and DAMOORGIAN, JJ., concur.
NOTES
[1] This court's standard of review is analogous to, and not broader than, the right of review by common law writ of certiorari. Menke v. Broward County Sch. Bd., 916 So.2d 8 (Fla. 4th DCA 2005).