PER CURIAM.
 

 This is a petition for writ of certiorari in which plaintiff-petitioner Mary Powell asserts that a trial court order compelling discovery infringes the attorney-client privilege. We grant the petition.
 

 The plaintiff was a social friend of attorney Robert Dulberg. According to the record before us, at various times the plaintiff discussed legal issues pertaining to her, or her business, with Mr. Dulberg. On some occasions Mr. Dulberg contacted other attorneys on the plaintiffs behalf.
 

 During the course of the present lawsuit, Mr. Dulberg was called as a witness. He stated in substance that his conversations with the plaintiff about her legal matters were as a friend but that he had never undertaken to represent the plaintiff. He acknowledged that he had assisted the plaintiff in drafting some letters.
 

 During Mr. Dulberg’s deposition in this litigation, the plaintiff objected to some questions on the ground of attorney-client privilege. Those questions were not answered. Respondents-defendants Jay So-lowsky and Pertnoy, Solowsky & Allen, P.A., then moved to compel answers to those certified questions, arguing that there never had been an attorney-client relationship between the plaintiff and Mr. Dulberg.
 

 The trial court reviewed Mr. Dulberg’s deposition. The court also saw an email between the plaintiff and Mr. Dulberg in which the plaintiff stated, in part, that “you were never, nor will you ever be, counsel for me.... ” The plaintiff contends that this statement has been taken out of context and that there was, in fact, an attorney-client relationship on one or more matters.
 

 During the hearing on the motion to compel, the plaintiffs counsel requested an evidentiary hearing on whether or not there had been an attorney-client relationship between the plaintiff and Mr. Dul-berg. Plaintiffs counsel proffered that in
 
 *1066
 
 one particular matter, Mr. Dulberg had requested a referral fee.
 

 The trial court denied the request for an evidentiary hearing and ordered Mr. Dul-berg to answer the certified questions. This petition for writ of certiorari follows.
 

 According to Professor Ehrhardt, “Whether the person consulting a lawyer is a client depends primarily on whether the person believes that the consultation with the lawyer is as a client and the client has manifested an intention to seek professional legal advice.” Charles W. Ehrhardt,
 
 Florida Evidence
 
 § 502.2 (2009). “[T]he lawyer cannot be consulted as a friend or business advisor; the person must be consulted as a lawyer. ' A communication is not privileged simply because one party to the communication happens to be a lawyer.”
 
 Id.
 
 (footnote omitted). The client’s belief that she is consulting a lawyer in that capacity must be reasonable.
 
 Valliere v. Florida Elections Comm’n,
 
 989 So.2d 1242, 1243 (Fla. 4th DCA 2008).
 

 What gives us pause is the proffer that Mr. Dulberg had requested a referral fee on one matter. Such a request would suggest the existence of an attorney-client relationship on that matter. We are not convinced that the answer to the question whether there was an attorney-client relationship can be determined solely from the face of this record. Accordingly, we quash the trial court’s order on this issue and remand for an evidentiary hearing.
 

 We express no view on whether an attorney-client relationship existed. We only say that the plaintiff is entitled to an evidentiary hearing.
 

 Petition granted.