669 So.2d 1142 (1996)
EUGENE J. STRASSER, M.D., P.A., Petitioner,
v.
BOSE YALAMANCHI, M.D., P.A., a Florida Professional Corporation, et al., Respondents.
No. 96-0147.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
*1143 Daniel R. Levine of Muchnick, Wasserman & Dolin, Hollywood, for petitioner.
William E. Blyler of William E. Blyler, P.A. and Thomas D. Lardin, P.A., Fort Lauderdale, for respondent Bose Yalamanchi, M.D., P.A.
PARIENTE, Judge.
The subject of this petition for writ of certiorari is a trial court's order overruling petitioner's objections to respondent's (plaintiff) request for entry on petitioner's (defendant) premises for inspection of defendant's computer system. We grant the petition because the order allowed plaintiff unrestricted access to defendant's computer system, including all of his programs and directories, without protection for any privileged or confidential information and without safeguards or restrictions to minimize any potential harm to the computer system.
The discovery dispute in this case is clearly one for the nineties. Plaintiff seeks permission to enter defendant's computer system to search for financial information that defendant claims has been purged from his computer and therefore no longer in defendant's possession. The scope of our discovery rules is broad enough to encompass this request, but the circumstance of allowing entry into a party's computer system to attempt to access information no longer in the *1144 party's possession may not have been fully envisioned by the drafters of the rules.
This request does not fit squarely within Florida Rule of Civil Procedure 1.350(a)(1), which allows a party to request any other party to produce "documents, including writings, drawings, graphs, charts, photographs, phono-records and other data compilations." Instead it comes within the scope of rule 1.350(a)(3), which requires a party "to permit entry upon designated land or other property," subject to the restrictions of rule 1.280, "for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property."
The underlying dispute in this case arises out of the termination of a contractually-based working arrangement between plaintiff and defendant, both plastic surgeons. Their contract provided that plaintiff was to receive 50% of the collections of his gross billings. The parties operated under this contract until August 31, 1991, when plaintiff terminated the contract to begin his own practice.
In December 1995, plaintiff filed a Request for Entry on Designated Property for Inspection and Other Purposes pursuant to rule 1.350. Through this request, plaintiff sought to inspect and test defendant's computer system. Defendant filed an objection alleging that the request called for information that is "irrelevant, immaterial, overbroad, burdensome, harassing, invasive of confidential proprietary information, and not reasonably calculated to lead to the discovery of admissible evidence."
At the January 8, 1996 hearing on the objection, plaintiff presented the trial court with an affidavit of John M. Mann, a certified public accountant and licensed fraud examiner, who stated "that in [his] experience it has been possible to retrieve information from a computer system even though a `purge' has occurred." There is no indication that Mann possesses any particular computer expertise.
Defendant presented the trial court with the contrary affidavit of Don Hoffrogge, a certified netware engineer. Hoffrogge stated that he had discussed the possibility of retrieving "purged" data from defendant's computer with one of the technical support engineers at the technical support company for Medifax. Medifax is the software program which contains patient billing, receivables and patient information. Hoffrogge stated that he learned that during the "purging" operation of data, the software itself searches for accounts with zero balances and inactivity, and the master file is entirely rewritten deleting that information, thus automatically overwriting the deleted data. Hoffrogge explained that he was advised that there was absolutely "no way" to retrieve the purged data, and that it does not go into any other file or directory.
Additionally, Hoffrogge advised that he personally examined the computer system on January 4, 1996, and that the computer system's data bank, with a hard drive space minimal by today's standards (400 megabytes), was almost at full capacity. Hoffrogge stated that he logged onto the system and searched without success for any sign of files containing the purged data. It was his professional opinion that the purged data was irretrievable.
Defendant's employee, Shari Scarlett, testified through deposition that since 1986, she has purged defendant's computer, specifically the Medifax program, approximately 3-5 times. The information had been purged in the ordinary course of business to make room on the system's hard drive.
Initially, the trial court stated that it wanted to conduct a special hearing on the matter and take testimony. However, after being advised of the impending trial date, the trial court overruled defendant's objections and granted plaintiff's motion to have access to defendant's computer without any limitation.
In its petition for certiorari, defendant asserts that the discovery order allows carte blanche access to his computerunlimited in scope, nature or purpose. Defendant protests the "wholesale intrusion into all of its proprietary business files and statutorily-protected patient information" and further voices concern about the potential for harm to his computer system through inadvertent deletion of files or the introduction of a virus. Plaintiff counters with a history of the discovery proceedings in this case from 1993 to the present to demonstrate that this request *1145 was plaintiff's final attempt to obtain the relevant information due to defendant's efforts in thwarting all other discovery avenues.
We have certiorari jurisdiction to review a discovery order that requires disclosure of information that is alleged to be confidential or to address discovery requests which constitute overly broad and unwarranted intrusions into a party's business where the potential for irreparable harm is demonstrated. See generally Blank v. Mukamal, 566 So.2d 54 (Fla. 4th DCA 1990); First City Devs. v. Hallmark of Hollywood Condo. Ass'n, 545 So.2d 502 (Fla. 4th DCA 1989); LeJeune v. Aikin, 624 So.2d 788, 789 (Fla. 3d DCA 1993). The harm here is irreparable because once confidential information is disclosed, it cannot be "taken back," and once the wholesale invasion into the defendant's computer system has occurred, the damage to the system may be irreversible. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). During an inspection as presently ordered, plaintiff would have unrestricted access to defendant's entire computer system with all of the patients' confidential records, see § 455.241(2), Fla. Stat. (1995), and all of the records of defendant's entire business, including those not involved in the instant action.
Plaintiff's expert C.P.A. states retrieval of purged data is theoretically possible; whereas defendant's computer expert, after having actually logged onto the system and searched for any sign of the purged data, states that the purged data is irretrievably gone. Even if plaintiff represents accurately that defendant has been thwarting the discovery process, such conduct does not necessarily invite intrusive discovery where there has been no evidence to establish any likelihood that the purged documents can be retrieved.
If plaintiff can present evidence to demonstrate the likelihood of retrieving purged information, and if the trial court finds that there is no other less intrusive manner to obtain the information, then the computer search might be appropriate. In such an event, the order must define parameters of time and scope, and must place sufficient access restrictions to prevent compromising patient confidentiality and to prevent harm to defendant's computer and data bases. One alternative might be for defendant's representative to physically access the computer system in the presence of plaintiff's representative under an agreed-upon set of procedures to test plaintiff's theory that it is possible to retrieve this purged data.
We therefore grant the petition and quash the order. We remand for the trial court to conduct further proceedings consistent with this opinion.
GLICKSTEIN and STONE, JJ., concur.