833 So.2d 801 (2002)
SOUTHERN DIAGNOSTIC ASSOCIATES, Petitioner,
v.
Luz BENCOSME, et al., Respondents.
No. 3D02-886.
District Court of Appeal of Florida, Third District.
October 30, 2002.
*802 Hengber & Goldstein, P.A., and Frank S. Goldstein (Fort Lauderdale); Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., and Nancy W. Gregoire (Fort Lauderdale), for petitioner.
Ver Ploeg & Lumpkin, P.A., and Stephen A. Marino, Jr., Miami, and Christine A. Gudaitis, Hallandale, for respondent Bencosme.
Before JORGENSON, COPE, and GODERICH, JJ.
PER CURIAM.
Southern Diagnostic Associates, Inc., (Southern Diagnostic) a non-party, seeks certiorari review of an order compelling discovery of certain contents of its computer system. For the following reasons, we grant the petition and quash the order.
Bencosme sued United Automobile Insurance Company (United Auto) alleging statutory bad faith for United Auto's alleged failure to conduct a reasonable investigation of her PIP claim. During discovery, Bencosme sought records of payments to two individual physicians who performed IMEs and their professional associations over a three-year period. United Auto responded that it did not have records of doctors used in IMEs because it retained Southern Diagnostic to arrange, schedule, and pay for such examinations on behalf of United Auto.
Bencosme served a subpoena duces tecum on Southern Diagnostic for records of payments to the two physicians. Southern Diagnostic responded that it had no such records, as its computer system would only accept searches by claim number, patient, and accident date. Bencosme then filed a Motion for Leave to Inspect Southern Diagnostic's computer system to retrieve the information. The trial court granted the motion and Southern Diagnostic petitioned for a writ of certiorari.
In Allstate Insurance Co. v. Boecher, 733 So.2d 993 (Fla.1999), the Florida Supreme Court held that information on the frequency of an expert's testimony and payments to the expert is discoverable from the insurer. Id. at 998-999. Here the insurer, United Auto, does not keep records of this sort; United Auto has conveniently delegated that responsibility to Southern Diagnostic, a "non-party". Southern Diagnostic's current status as non-party is of no moment in this case, however. As the Boecher court held, Florida Rule of Civil Procedure 1.280(b)(4)(A)(iii) was not intended to shield a party from inquiries regarding the extent of the party's relationship with an expert witness. 733 So.2d at 999; cf., Springer v. West, 769 So.2d 1068 (Fla. 5th DCA 2000) (holding that regardless of an insurer's status as "party" or "nonparty," information about the relationship between a non-party liability insurer and the insurer's experts is discoverable under Boecher). United Auto cannot avoid the mandate of Boecher by employing Southern Diagnostic in an attempt to shield itself from inquiries about its relationship with its experts.
Nevertheless, we grant certiorari and quash the order under review, as Southern Diagnostic has demonstrated irreparable harm. See Strasser, M.D., P.A. v. Yalamanchi, *803 M.D., P.A., 669 So.2d 1142, 1145 (Fla. 4th DCA 1996). The trial court's order is overly broad, setting no parameters or limitations on the inspection of Southern Diagnostic's computer system, notwithstanding Southern Diagnostic's claim that there is confidential and privileged information in its computer system. See Strasser, 669 So.2d at 1145 (Fla. 4th DCA 1996) (granting certiorari and holding that an order permitting discovery by computer search might be appropriate, but the "order must define parameters of time and scope and must place sufficient access restrictions to prevent compromising patient confidentiality and to prevent harm to the computer and databases"). Accordingly, we grant certiorari, quash the order under review and remand with directions to the trial court to craft a narrowly tailored order that accomplishes the purposes of the discovery requests and provides for confidentiality of the discovery.[1]
WRIT GRANTED.
NOTES
[1] To aid the court, the parties may wish to have their IT experts provide advice to the court.