837 So.2d 574 (2003)
EIGHT HUNDRED, INC., Petitioner,
v.
FLORIDA DEPARTMENT OF REVENUE, Respondent.
No. 1D02-3144.
District Court of Appeal of Florida, First District.
February 12, 2003.
*575 Thomas F. Egan of Thomas F. Egan, P.A., Orlando, for Petitioner.
Charlie Crist, Attorney General; John Mika, Assistant Attorney General, Tallahassee, for Respondent.
WEBSTER, J.
Petitioner seeks review of an order entered by an administrative law judge directing a certified public accountant previously retained by it to appear at a deposition and bring with him documents identified in a subpoena duces tecum. The effect of that order was to reject an accountant-client privilege asserted by petitioner on the ground that petitioner had waived that privilege. We conclude that the order constitutes a departure from the essential requirements of law, and that it will cause material injury to petitioner for which the remedy of appeal following the conclusion of the administrative proceedings will be inadequate. Accordingly, we grant the petition and quash the order.
We have jurisdiction. See § 120.68(1), Fla. Stat. (2001) ("A preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable if review of the final agency decision would not provide an adequate remedy"); art. V, § 4(b)(2), Fla. Const. ("District courts of appeal shall have the power of direct review of administrative action, as prescribed by general law"). Our jurisdiction is invoked by filing "[a] petition to review non-final agency action under the Administrative Procedure Act," as specified in Florida Rule of Appellate Procedure 9.100(c)(3). We have previously said that our scope of review in such a matter "is analogous to and no broader than the right of review by common law writ of certiorari." Charlotte County v. Gen. Dev. Utils., Inc., 653 So.2d 1081, 1084 (Fla. 1st DCA 1995). To be entitled to relief from a non-final order pursuant to a petition seeking a common law writ of certiorari, "the petitioner must demonstrate that the trial court departed from the essential requirements of the law, thereby causing irreparable injury which cannot be adequately remedied on appeal following final judgment." Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000). "An order compelling discovery over a claim that the evidence is privileged is generally reviewable under section 120.68(1), because the harm cannot be remedied on review of the final order." State Dep't of Transp. v. OHM Remediation Servs. Corp., 772 So.2d 572, 573 (Fla. 1st DCA 2000).
In response to the assertion that certain testimony and documents requested were protected by the accountant-client privilege, respondent filed a speaking motion seeking a determination that the privilege *576 had been waived. Copies of documents were attached as exhibits to the motion. A telephonic hearing was held on respondent's motion. During that hearing, respondent's counsel made several representations regarding the facts pertinent to a determination of whether petitioner had waived its accountant-client privilege. However, no evidence was offered. Petitioner's counsel repeatedly disputed the accuracy of the factual representations, and objected on several occasions that no evidence was being presented by respondent, and that respondent's representations regarding the facts were not evidence. He also stated that the proper approach, procedurally, would be to hold an evidentiary hearing, at which respondent might present any evidence it had to establish that the privilege had been waived, and his client might produce evidence in opposition. The administrative law judge disregarded those objections, and ruled, based upon the documents attached as exhibits to the motion and the representations of respondent's counsel, that the privilege had been waived. This was error.
Respondent conceded that the testimony and documents it sought would be protected by the accountant-client privilege had petitioner not waived that privilege. "When communications appear on their face to be privileged, the party seeking disclosure bears the burden of proving that they are not." Shell Oil Co. v. Par Four P'ship, 638 So.2d 1050, 1050 (Fla. 5th DCA 1994). We have previously said that, "[j]ust as the proponent of the privilege has the burden of proof as to facts which give rise to the privilege, the party seeking to abrogate the privilege has the burden to prove facts which would make an exception to the privilege applicable" by "a preponderance of the evidence." First Union Nat'l Bank v. Turney, 824 So.2d 172, 183 n. 9, 184 (Fla. 1st DCA 2001), review denied, 828 So.2d 385 (Fla.2002). Representations by an attorney for one of the parties regarding the facts, and documents attached as exhibits to a motion, do not constitute evidence. To permit a determination of whether petitioner had waived its accountant-client privilege to be made in such a manner notwithstanding petitioner's repeated objections would amount to a deprivation of procedural due process of law. See Horning-Keating v. State, 777 So.2d 438, 446 (Fla. 5th DCA 2001) (opinion of Pleus, J.) (compelling testimony notwithstanding the assertion of an attorney-client privilege, based upon unsworn statements, would constitute a denial of due process of law; a full evidentiary hearing is required).
Because the administrative law judge ruled that the accountant-client privilege had been waived without holding an evidentiary hearing, and without receiving any evidence to support respondent's claim, we conclude that the order constitutes a departure from the essential requirements of law. We conclude, further, that, unless set aside, the order will cause irreparable injury which cannot be remedied on appeal following entry of the final order. See, e.g., Strasser v. Yalamanchi, 669 So.2d 1142, 1145 (Fla. 4th DCA 1996) (an irreparable injury occurs when confidential information is ordered disclosed because, once disclosed, the information cannot be "taken back"). Accordingly, we grant the petition and quash the order.
DAVIS and VAN NORTWICK, JJ., concur.