893 So.2d 586 (2004)
Scott GINSBURG, Ricki Robinson, Daniel M. Landis, Tedesco & Landis, P.A., Royco, Inc., a Florida corporation, Arthur Rosenthal and Kent Mahlke, Petitioners,
v.
Bernard D. PACHTER, and Pachter Corp., a Florida corporation, Respondents.
No. 4D03-2720.
District Court of Appeal of Florida, Fourth District.
September 29, 2004.
Rehearing Denied December 3, 2004.
Stuart R. Michelson of Law Offices of Stuart R. Michelson, Ft. Lauderdale, for petitioners Mark Ginsburg, Royco, Inc., Daniel Landis, Tedesco & Landis, Ricki Robinson and Scott Ginsburg.
Michael W. Moskowitz and Scott M. Zaslav of Moskowitz, Mandell, Salim & Simowitz, P.A., Ft. Lauderdale, for petitioners Arthur Rosenthal & Kent Mahlke.
Peter R. Goldman, John R. Gillespie and Gabrielle C. Bozza of Gillespie, Goldman & Kronengold, P.A., Ft. Lauderdale, for respondents.
MAY, J.
The petitioners seek a writ of certiorari to quash a trial court order that required production of two letters which they claim are subject to the attorney-client privilege. We deny the petition.
The original suit arose from a deal involving Pachter, Mark Ginsburg, and others.[1] *587 According to the allegations, Pachter operated a successful business managing medical laboratories. Mark Ginsburg, who was subject to a non-compete agreement, approached Pachter to become the president and CEO of a new entity, RDDL, Inc., which would establish and manage a laboratory to serve renal dialysis clinics throughout the United States. Pachter alleged that Ginsburg extended the offer to him to fraudulently avoid a non-compete agreement which prevented him from operating RDDL.
Pachter alleged Landis and his law firm had been representing him, the corporate defendants, and Mark Ginsburg, but were supposed to represent only the newly-formed corporation RDDL during the execution of the shareholder's agreement. All shareholders signing the agreement executed a waiver of conflict letter, including Pachter, and were advised to consult other counsel. Pachter in fact did rely on the advice of another attorney, Martin Unger.
RDDL began operating in February 1996 and experienced spectacular growth and success. Nevertheless, RDDL discharged Pachter in November 1996. Pachter filed suit over his discharge. Another suit was filed concerning the Ginsburg non-compete agreement. The cases were consolidated and a settlement was reached. RDDL provided the funding for the settlement.
In the current litigation, it is alleged Ginsburg conspired with others to strip RDDL of its assets and take control of the laboratory, eliminating Pachter's interest. The alleged scheme involved the execution of unnecessary promissory notes by RDDL to a corporation owned by Ginsburg's siblings, Royco, Inc.
Of the numerous counts found in the current complaint, Pachter alleges Landis and his firm breached their fiduciary duty by aiding in the scheme to strip Pachter of his interest in RDDL through their involvement in the execution of the promissory notes. In another count, Pachter alleges a claim for legal malpractice against Landis and his firm.
In the course of the litigation, Pachter served a subpoena duces tecum that included the two letters at issue. Counsel for Royco prepared a privilege log, asserting lawyer-client privilege with respect to the two letters from Landis to Royco.
The trial court reviewed the two letters in camera and a letter memorandum from Royco addressing the asserted privilege. The letter referenced section 90.502, Florida Statutes (2003), and cited Southern Bell Telephone and Telegraph Co. v. Deason, 632 So.2d 1377, 1383 (Fla.1994). The court found the letters to be privileged.
Pachter moved to vacate the order because the trial court made its decision prior to submission of his memorandum addressing the lawyer-client privilege issue. The trial court treated the motion as one for rehearing and ultimately ordered unredacted copies of the two letters be produced, without prejudice to make future argument concerning admissibility. It is from this order that the petitioner seeks certiorari review.
We initially ordered a response because it appeared the nature of the letters would cause irreparable harm if wrongfully disclosed. "An order which improperly compels discovery of information privileged pursuant to the attorney-client privilege is reviewable by certiorari." United Servs. Auto. Ass'n v. Crews, 614 So.2d 1213, 1213 (Fla. 4th DCA 1993). However, upon review of the response and the appendices *588 submitted to this court, we deny the writ.
Section 90.502, Florida Statutes (2003) addresses lawyer-client privilege. It not only sets the parameters for what communications are privileged, but it also lists circumstances in which the privilege does not exist. See § 90.502(4), Fla. Stat. (2003).
In this case, the trial court took great care in reviewing the letters in question. As the trial court noted, most of the letters' contents did not appear privileged because they concerned business rather than attorney-client advice. Nevertheless, the trial court determined the letters to be privileged.
The trial court then reviewed the letters in light of Pachter's allegations of breach of fiduciary duty, finding an exception to the privilege under section 90.502(4)(c), Florida Statutes (2003) ("There is no lawyer-client privilege under this section when: ... (c) A communication is relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer, arising from the lawyer-client relationship."). Ultimately relying on the crime-fraud exception to the attorney-client privilege, the court ordered production of the two letters. See § 90.502(4)(a), Fla. Stat. (2003). The order included that the production was without prejudice to future arguments concerning admissibility.
Here, the relationship of the law firm to the various individuals and corporate entities, including Pachter, is less than crystal clear. Because of this factual dispute and after having reviewed the letters, we cannot say the trial court deviated from the essential requirements of law when it determined that, while privileged, the letters were discoverable based upon the crime-fraud exception. We further do not find irreparable harm will result from their disclosure to Pachter.
We therefore deny the petition.
STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] For ease of reference, Pachter shall refer to Bernard D. Pachter and Pachter Corp.