916 So.2d 8 (2005)
David MENKE, Petitioner,
v.
BROWARD COUNTY SCHOOL BOARD, Respondent.
No. 4D05-978.
District Court of Appeal of Florida, Fourth District.
September 28, 2005.
*9 Karen Coolman Amlong of Amlong & Amlong, P.A., Fort Lauderdale, for petitioner.
Mark A. Emanuele and Marcy E. Abitz of Panza, Maurer & Maynard, P.A., Fort Lauderdale, for respondent.
WARNER, J.
We review a petition for certiorari from the order of an administrative law judge ordering production of all computers in petitioner's household for examination by respondent's expert for the purpose of discovery. Petitioner contends that the production of the computers, including all of their contents, would violate his Fifth Amendment right against self-incrimination and his right of privacy, and would disclose privileged communications in the manner in which this examination was to be made. We agree and grant the writ.
Petitioner Menke is a high school teacher in Broward County. He was suspended from his position for "misconduct in office" in September 2004 pending the determination of an administrative complaint filed by the Broward County School Board seeking his termination. The misconduct included allegations that he had exchanged sexually-explicit e-mails with minor students and also made derogatory comments regarding school personnel and operations with students. The respondent School Board was advised of some of the e-mails, which Menke states are not actually e-mails but instant messages.
Menke requested a formal hearing, and the complaint was forwarded to the Division of Administrative Hearings. In the proceedings, the Board served a request on Menke for inspection of all of the computers in his household, which consists of Menke, his wife, and his children. The Board wanted its retained computer expert to inspect all such computers in his laboratory for messages between Menke and any students. It requested various categories of information which it sought to review.
Menke objected to the inspection on the grounds that such a wholesale inspection of the hard drives of his computers would violate his Fifth Amendment right and his right of privacy, and may reveal privileged communications with his wife, attorneys, accountants, clergy, or doctors.
After a hearing on the issue, the administrative law judge granted the motion to compel production of the computers for inspection. The order allowed the expert to inspect the hard drives of all the home computers to discover whether they contained various categories of information requested. The judge sought to protect Menke's rights by ordering the expert not to retain, provide, or discuss with counsel for the Board the existence of any communications which might be deemed privileged. It also allowed for Menke to have his own expert present when the inspection took place. If Menke's expert believed a privileged communication was discovered, then the document could be marked and the ALJ could conduct an in camera inspection of the document before it was delivered to the Board. Menke brings this petition to review this order.
In petitions for review from administrative orders, the standard of review is essentially the same as that from an order from a civil proceeding. As the first district recently pronounced in Eight Hundred, Inc. v. Florida Dep't of Revenue, 837 So.2d 574, 575 (Fla. 1st DCA 2003):

*10 [O]ur scope of review in such a matter "is analogous to and no broader than the right of review by common law writ of certiorari." Charlotte County v. Gen. Dev. Utils., Inc., 653 So.2d 1081, 1084 (Fla. 1st DCA 1995). To be entitled to relief from a non-final order pursuant to a petition seeking a common law writ of certiorari, "the petitioner must demonstrate that the trial court departed from the essential requirements of the law, thereby causing irreparable injury which cannot be adequately remedied on appeal following final judgment." Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000). "An order compelling discovery over a claim that the evidence is privileged is generally reviewable under section 120.68(1), because the harm cannot be remedied on review of the final order." State Dep't of Transp. v. OHM Remediation Servs. Corp., 772 So.2d 572, 573 (Fla. 1st DCA 2000).
Because the order of inspection involves an order compelling discovery of privileged information as well as constitutionally protected information, we have jurisdiction to review by way of certiorari. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); Ginsburg v. Pachter, 893 So.2d 586 (Fla. 4th DCA 2004); Boyle v. Buck, 858 So.2d 391 (Fla. 4th DCA 2003); Straub v. Matte, 805 So.2d 99 (Fla. 4th DCA 2002); Hill v. State, 846 So.2d 1208 (Fla. 5th DCA 2003).
As Menke states in his petition, this order "gives an agent of the Board carte blanche authorization to examine the hard drives it will duplicate from the computers Menke has been ordered to produce, combing through every byte, every word, every sentence, every data fragment, and every document, including those that are privileged or that may be part of privileged communications, looking for `any data' that may evidence communication between Menke and his accusers." The only admonition to the Board's expert is that if he finds such communication, he cannot discuss it with counsel. However, those communications are still revealed to a paid representative of the opposing party, as will be everything else on the computer, substantially invading the privacy of Menke and his family members.
Today, instead of filing cabinets filled with paper documents, computers store bytes of information in an "electronic filing cabinet." Information from that cabinet can be extracted, just as one would look in the filing cabinet for the correct file containing the information being sought. In fact, even more information can be extracted, such as what internet sites an individual might access as well as the time spent in internet chat rooms. In civil litigation, we have never heard of a discovery request which would simply ask a party litigant to produce its business or personal filing cabinets for inspection by its adversary to see if they contain any information useful to the litigation. Requests for production ask the party to produce copies of the relevant information in those filing cabinets for the adversary.
Menke contends that the respondent's representative's wholesale access to his personal computer will expose confidential communications and matters entirely extraneous to the present litigation, such as banking records. Additionally, privileged communications, such as those between Menke and his attorney concerning the very issues in the underlying proceeding, may be exposed. Furthermore, Menke contends that his privacy is invaded by such an inspection, and his Fifth Amendment right may also be implicated by such an intrusive review by the opposing expert.
Preliminarily, the authority of the administrative law judge in discovery matters *11 is prescribed by section 120.569(2)(f), Florida Statutes, providing in part:
(f) The presiding officer has the power to swear witnesses and take their testimony under oath, to issue subpoenas, and to effect discovery on the written request of any party by any means available to the courts and in the manner provided in the Florida Rules of Civil Procedure, including the imposition of sanctions, except contempt.
(emphasis supplied).
In accordance with the Florida Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action ...." Fla. R. Civ. P. 1.280(b)(1) (emphasis supplied). Although the Florida Rules of Civil Procedure have not been amended specifically to accommodate discovery of electronic data, rule 1.350(a) provides that:
Any party may request any other party (1) to produce and permit the party making the request, or someone acting in the requesting party's behalf, to inspect and copy any designated documents, including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form, that constitute or contain matters within the scope of rule 1.280(b) and that are in the possession, custody, or control of the party to whom the request is directed; (2) to inspect and copy, test, or sample any tangible things that constitute or contain matters within the scope of rule 1.280(b) and that are in the possession, custody, or control of the party to whom the request is directed; or (3) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation on it within the scope of rule 1.280(b).
In the only Florida appellate court opinion discussing electronic discovery, we held that rule 1.350(a)(3) was broad enough to encompass requests to examine a computer hard drive but only in limited and strictly controlled circumstances, acknowledging that unlimited access to anything on the computer would constitute irreparable harm, because it would expose confidential, privileged information to the opposing party. See Strasser v. Yalamanchi, 669 So.2d 1142 (Fla. 4th DCA 1996). In that case, involving a dispute between doctors, the defendant asserted that he had purged data that plaintiff was attempting to discover. According to the plaintiff, the defendant had a history of thwarting discovery. We said,
If plaintiff can present evidence to demonstrate the likelihood of retrieving purged information, and if the trial court finds that there is no other less intrusive manner to obtain the information, then the computer search might be appropriate. In such an event, the order must define parameters of time and scope, and must place sufficient access restrictions to prevent compromising patient confidentiality and to prevent harm to defendant's computer and data bases. One alternative might be for defendant's representative to physically access the computer system in the presence of plaintiff's representative under an agreed-upon set of procedures to test plaintiff's theory that it is possible to retrieve this purged data.
Id. at 1145 (emphasis supplied). Thus, intrusive searching of the entire computer by an opposing party should not be the *12 first means of obtaining the relevant information.
Where a need for electronically stored information is demanded, such searching should first be done by defendant so as to protect confidential information, unless, of course, there is evidence of data destruction designed to prevent the discovery of relevant evidence in the particular case. Id. In fact, in the few cases we have found across the country permitting access to another party's computer, all have been in situations where evidence of intentional deletion of data was present. See, e.g., Etzion v. Etzion, 7 Misc.3d 940, 796 N.Y.S.2d 844 (2005); Renda Marine, Inc. v. U.S., 58 Fed.Cl. 57 (Fed.Cl.2003).
Here, there is no evidence of any destruction of evidence or thwarting of discovery. It does not appear from the record provided that any other method of discovery of relevant information has been requested, even a request to provide hard copies of all relevant documents. There is also no proof that there is no less intrusive method of obtaining the information.
The order permitting the respondent's expert to examine the computers of petitioner does not allow the petitioner to assert privilege as to information on the computer in advance of its disclosure to the respondent's expert. Thus, it prevents petitioner from exercising his right to assert privilege as permitted under Florida Rule of Civil Procedure 1.280(b)(5), a rule revision adopted after our opinion in Strasser. See In re Amendments to Florida Rules of Civil Procedure, 682 So.2d 105, 115 (Fla.1996). It also prevents petitioner from making a specific assertion of his Fifth Amendment right against self-incrimination or of his right to privacy or that of others within the household.
Because the order of the administrative law judge allowed the respondent's expert access to literally everything on the petitioner's computers, it did not protect against disclosure of confidential and privileged information. It therefore caused irreparable harm, and we grant the writ and quash the discovery order under review. We do not deny the Board the right to request that the petitioner produce relevant, non-privileged, information; we simply deny it unfettered access to the petitioner's computers in the first instance. Requests should conform to discovery methods and manners provided within the Rules of Civil Procedure.
STEVENSON, C.J., and POLEN, J., concur.