COHEN, J.
 

 Lorell Holland, Petitioner, seeks a writ of certiorari quashing the trial court’s or
 
 *954
 
 der that compelled Petitioner to produce all computer hard drives and all cell phone SIM cards in her possession to Respondent, Kimberly Barfield, as Personal Representative of the Estate of Brandon Scott Ledford. We grant certiorari and quash the trial court’s order.
 

 Respondent filed suit against Petitioner and five others alleging damages for the wrongful death of Brandon Ledford on February 28, 2009, when he fell from the tenth floor balcony of Petitioner’s residence in North Miami Beach. Respondent alleged that Ledford died because the defendants breached their duties of care to him.
 

 Respondent served a request to produce
 
 [1]
 
 upon Petitioner, seeking,
 
 inter alia:
 

 4. Any and all computer hard drives in possession of the [Petitioner] from 24 hours preceding February 27, 2009 to present; and
 

 5. Any and all cell phones in possession of the [Petitioner] from 24 hours preceding February 27, 2009 to the present.
 

 Petitioner objected to these requests, asserting that they sought irrelevant information unlikely to lead to the discovery of admissible evidence, were overbroad in scope with respect to time and subject matter, were harassing in nature and constituted a “fishing expedition,” and invaded her right to privacy under Article I, section 28 of the Florida Constitution.
 

 Respondent moved to compel production of the hard drives and cell phones, seeking evidence of communications among the defendants through mobile phone text messages, Facebook.com, and MySpace.com. After a hearing, the trial court granted the motion. The trial court’s order also directed that Respondent agree to a protective order and confidentiality agreement wherein all information would be for the attorney’s eyes only unless a court order was first obtained; prohibited the use or sharing of financial or social security information with any third party; and required any third party provided discovery to sign a copy of the order and agree to be bound by its terms.
 

 Petitioner argues that the trial court’s order violates Florida Rule of Civil Procedure 1.850 because it gives Respondent unlimited access to her hard drive and SIM card without satisfying the requirements of
 
 Menke v. Broward County School Board,
 
 916 So.2d 8, 11-12 (Fla. 4th DCA 2005). In particular, she asserts that Respondent could examine every byte of information on the devices in contravention of her right of privacy and without regard to attorney-client or work-product privileges.
 

 Petitioner also contends that the order violates rule 1.280(b)(5) because it ordered her to first relinquish possession of the hard drive and SIM card, rather than permitting her to review the information beforehand and produce the response herself. Further, the order allowed Respondent’s computer expert to review the hard drive and SIM card outside the presence of Petitioner’s counsel, thereby depriving Petitioner of an opportunity to object and preserve her claims of privilege and right of privacy, resulting in irreparable harm. Lastly, she asserts that the trial court’s order is unduly burdensome because it deprives her of her only telephone and computer for an undetermined period of time, which affects her ability to prepare for classes, take notes, research, and com
 
 *955
 
 municate with other students and faculty at Florida Atlantic University where she attends college.
 

 Respondent contends that Petitioner thwarted discovery by failing to produce any documents responsive to her request, which therefore allows the requesting party to access the computer without first affording a review by the producing party.
 
 See Menke,
 
 916 So.2d at 12, citing
 
 Strasser v. Yalamanchi,
 
 669 So.2d 1142, 1145 (Fla. 4th DCA 1996). Further, Respondent suggests that the degree of irreparable harm Petitioner would allegedly suffer was minimal compared to the parties in
 
 Menke, Strasser,
 
 and
 
 Rasmussen v. South Florida Blood Service,
 
 500 So.2d 533, 534 (Fla.1987).
 

 This court has certiorari jurisdiction to review a discovery order that departs from the essential requirements of law by requiring disclosure of allegedly confidential information or discovery requests that are overbroad and thereby cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal.
 
 Life Care Ctrs. of Am. v. Reese,
 
 948 So.2d 830 (Fla. 5th DCA 2007);
 
 Wooten, Honeywell & Kest, P.A. v. Posner,
 
 556 So.2d 1245 (Fla. 5th DCA 1990). The irrelevancy of the discovery alone is not a basis for granting the extraordinary remedy of certiorari, “unless the disclosure ‘may reasonably cause material injury of an irreparable nature.’ ”
 
 State Farm Gen. Ins. Co. v. Grant,
 
 641 So.2d 949, 952 (Fla. 1st DCA 1994) (quoting
 
 Allstate Ins. Co. v. Langston,
 
 627 So.2d 1178 (Fla. 4th DCA 1993)).
 

 This case is very similar to
 
 Menke,
 
 916 So.2d 8, where the court issued a writ of certiorari and quashed the trial court’s order to produce a party’s computers. There, the trial court ordered a high school teacher, accused of exchanging sexually explicit emails with students and making derogatory comments regarding high school personnel, to produce all computers in his household for inspection by the school board’s computer expert. The Fourth District described rule 1.350(a)(3) as “broad enough to encompass requests to examine a computer hard drive but only in limited and strictly controlled circumstances, acknowledging that unlimited access to anything on the computer would constitute irreparable harm, because it would expose confidential, privileged information to the opposing party.”
 
 Id.
 
 at 11 (citing
 
 Strasser,
 
 669 So.2d 1142). The court indicated that a search might be approved after the requesting party proved (1) evidence of any destruction of evidence or thwarting of discovery; (2) a likelihood the information exists on the devices; and (3) no less intrusive means exists of obtaining the information.
 
 Id.
 
 at 12. One alternative the court suggested would allow defendant’s representative to physically access the computer system in the presence of plaintiffs representative under an agreed-upon set of procedures to test plaintiffs theory that it is possible to retrieve the information.
 
 Id.
 
 The court also said that “[w]here a need for electronically stored information is demanded, such searching should first be done by defendant so as to protect confidential information, unless, of course, there is evidence of data destruction designed to prevent the discovery of relevant evidence in the particular case.”
 
 Id.
 
 at 12.
 

 In this case, there is no evidence of any destruction of evidence or thwarting of discovery.
 
 [2]
 
 Further, the request to pro-
 
 *956
 
 duce sought the electronic media themselves, not specific information contained therein. Since Respondent asserts that the electronic media was sought as a “back-up” to the information sought in items 1. through 3. of the request to produce, the record demonstrates that a less intrusive means was already achieved as part of the compromise the parties reached. Items 1. through 3. requested the same information,
 
 ie.,
 
 statements among the defendants and photographs taken regarding the incident for the same time period.
 

 As such, that discovery request, subject to the parties’ compromise, represents the less intrusive means to obtain the same discovery without violating Petitioner’s rights and privileges. Further, the record does not show that Respondent made any request for Petitioner to first search the media so she could protect her confidential information.
 

 The unlimited breadth of the trial court’s order allows Respondent to review, without limit or time frame, all of the information on Petitioner’s computer and mobile phone SIM card without regard to her constitutional right of privacy and the right against self-incrimination or privileges, including attorney-client, work product. Although the discovery Respondent seeks does not necessarily include medical records
 
 [3]
 
 , such as those protected by the constitutional right of privacy in the
 
 Rasmussen
 
 and
 
 Strasser
 
 cases, Petitioner’s asserted right against self-incrimination and right of privacy nonetheless enjoy protection. The court in
 
 Menke
 
 protected the petitioner’s assertion of his rights to privacy and against self-incrimination in the face of an order allowing wholesale access to his personal computer that would expose confidential communications and matters extraneous to the litigation such as banking records.
 

 The order permitting Respondent’s expert to examine Petitioner’s hard drive and SIM card did not protect against disclosure of confidential and privileged information and, therefore, caused irreparable harm. Because the order departed from the essential requirements of law and would cause material injury to Petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal, we grant the petition for certiorari and quash the trial court’s discovery order.
 

 WRIT OF CERTIORARI GRANTED and ORDER QUASHED.
 

 PALMER and EYANDER, JJ., concur.
 

 [1]
 

 . Respondent’s counsel informed the trial court that he had reached a compromise with Petitioner's counsel regarding items 1., 2., and 3. of the request to produce, which sought statements by Petitioner and other defendants regarding the incident and all photographs in her possession taken during the time period.
 

 [2]
 

 . Respondent specifically declined a tampering order because Petitioner was not a threat to destroy evidence.
 

 [3]
 

 . The broad production sought in this case might, in fact, produce medical records, banking records, and other confidential information in Petitioner's computer hard-drive.