**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2031-23

ATLANTIC ER PHYSICIANS
TEAM PEDIATRIC ASSOCIATES,
PA, EMERGENCY CARE
SERVICES OF NJ, PA,
EMERGENCY PHYSICIAN
ASSOCIATES OF NORTH JERSEY,
PC, EMERGENCY PHYSICIAN
ASSOCIATES OF SOUTH JERSEY,
PC, EMERGENCY PHYSICIAN
SERVICES OF NEW JERSEY, PA,
MIDDLESEX EMERGENCY
PHYSICIANS, PA, and PLAINFIELD
EMERGENCY PHYSICIANS, PA,

        Plaintiffs-Respondents,

v.

UNITEDHEALTH GROUP, INC.,
UNITEDHEALTHCARE
INSURANCE COMPANY,
OXFORD HEALTH PLANS (NJ),
INC., MULTIPLAN, INC., and
UMR, INC.,

        Defendants-Appellants.

_____

Argued January 22, 2025 – Decided March 13, 2025

Before Judges Gilson, Firko, and Augostini.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-1196-20.

Jonathan D. Hacker (O'Melveny & Myers LLP) of the District of Columbia and Maryland bars, admitted pro hac vice, argued the cause for appellants (Stradley Ronon Stevens & Young, LLP, and Jonathan D. Hacker, attorneys for appellants UnitedHealth Group, Inc., UnitedHealthcare Insurance Company, Oxford Health Plans (NJ), Inc. and UMR, Inc.; Sweeney & Sheehan, attorneys for appellant MultiPlan, Inc.; Jonathan D. Hacker, Greg Jacob (O'Melveny & Myers LLP) of the District of Columbia bar, admitted pro hac vice, Ethan Scapellati (O'Melveny & Myers LLP) of the New York bar, admitted pro hac vice, Francis X. Manning, Neal A. Thakkar, Errol J. King, Jr. (Phelps Dunbar LLP) of the Louisiana bar, admitted pro hac vice, Katherine C. Mannino (Phelps Dunbar LLP) of the Louisiana bar, admitted pro hac vice, Taylor J. Crousillac (Phelps Dunbar LLP) of the Louisiana bar, admitted pro hac vice, Craig L. Caesar (Phelps Dunbar LLP) of the Louisiana bar, admitted pro hac vice, and Brittany H. Alexander (Phelps Dunbar LLP) of the Louisiana bar, admitted pro hac vice, of counsel; Robert J. Norcia, on the joint briefs).

Justin C. Fineberg (Lash Goldberg Fineberg LLP) of the Florida bar, admitted pro hac vice, argued the cause for respondents (Lowenstein Sandler, LLP, and Justin C. Fineberg, attorneys; Justin C. Fineberg, Jonathan E. Siegelaub (Lash Goldberg Fineberg LLP) of the Florida bar, admitted pro hac vice, and Kent D. Anderson, of counsel and on the briefs).

Camille Joanne Rosca (Orrick, Herrington & Sutcliffe LLP), Wendy Butler Curtis (Orrick, Herrington & Sutcliffe LLP) of the District of Columbia bar, admitted pro hac vice, Andrew D. Silverman (Orrick, Herrington & Sutcliffe LLP) of the New York bar, admitted pro hac vice, attorneys for amicus curiae Lawyers for Civil Justice; (Wendy Butler Curtis, Andrew D. Silverman and Camille Joanne Rosca, on the brief).

Stone Conroy LLC, attorneys for amici curiae the Chamber of Commerce of the United States of America and the New Jersey Civil Justice Institute (Shalom D. Stone and Rebekah R. Conroy, on the brief).

Shook, Hardy & Bacon LLP and Robert D. Owen (Robert D. Owen LLC) of the Illinois bar, admitted pro hac vice, attorneys for amicus curiae Electronic Discovery Institute (Philip S. Goldberg Robert D. Owen, and Patrick Oot (Shook, Hardy & Bacon LLP) of the District of Columbia bar, admitted pro hac vice, on the brief).

PER CURIAM

This interlocutory appeal involves discovery disputes concerning electronically stored information (ESI).  Defendants UnitedHealth Group, Inc., UnitedHealthcare Insurance Company, Oxford Health Plans (NJ), Inc., and UMR, Inc. (collectively, the United defendants) and MultiPlan, Inc. (MultiPlan) (collectively, defendants) appeal from a September 12, 2023 order concerning document review and production of ESI (the ESI Order).  The ESI Order directs the parties to produce all documents identified by their agreed-upon ESI search

terms, except those which are privileged or contain highly proprietary business information, regardless of whether they are responsive or relevant. Because the ESI Order violates <u>Rule</u> 4:10-2(a) by compelling defendants to produce irrelevant documents, and because the order constitutes an abuse of discretion, we vacate the ESI Order and remand for the entry of an order limiting production to relevant documents.

## I.

Plaintiffs provide emergency medical services to patients throughout New Jersey, without regard to a patient's ability to pay or their insurance status in accordance with 42 U.S.C. § 1395dd and N.J.S.A. 26:2H-18.64. The United defendants are insurers or administrators of employer-sponsored health benefit plans. In providing medical services, plaintiffs routinely care for patients whose insurance coverage is either issued, administered, or underwritten by the United defendants.

On May 23, 2022, plaintiffs filed an amended complaint alleging that the United defendants leveraged plaintiffs' legal obligation to care for emergency patients to enrich themselves by forcing plaintiffs out-of-network and reimbursing plaintiffs for their services at "shockingly low rates." Plaintiffs also allege that co-defendant MultiPlan, a cost management company, conspired with

4

the United defendants to underpay claims by offering fraudulent health claim pricing services.

In their amended complaint, plaintiffs asserted four causes of action: (1) breach of an implied-in-fact contract (count one); (2) remuneration for quantum meruit services (count two); (3) violations of the New Jersey Health Claims Authorization, Processing and Payment Act (HCAPPA), N.J.A.C. 11:22-1.1 to -1.16 (count three); and (4) violations of the New Jersey Anti-Racketeering Act (RICO), N.J.S.A. 2C:41-1 to -6.2 (counts four and five).

Plaintiffs' action is related to a series of nationwide litigations between the United defendants and plaintiffs' affiliates. Indeed, plaintiffs' action in New Jersey is one of at least ten related civil actions filed against the United defendants in various jurisdictions since 2017.

On April 3, 2023, the trial court in this matter entered an electronic discovery stipulation and order to "govern the discovery of [ESI] and any electronically stored or maintained information." That order required the parties to collaborate to identify "custodians whose email[s] [were] reasonably believed to contain relevant ESI for collection" and develop "search parameters, i.e., search terms" to search the agreed-upon custodians' records. Thereafter, on April 21, 2023, the trial court entered an amended discovery-confidentiality

order granting the parties the right to designate as "Confidential" and "Attorneys' Eyes Only" any document, or portion of a document, containing "highly sensitive business or personal information."

On April 25, 2023, the trial court conducted a discovery hearing with counsel for all parties. At the hearing, several discovery issues were addressed, including relevance objections made by both sides. Specifically, plaintiffs' counsel "raised an issue that had come up with United in other litigation: that United was producing documents but making selective redactions based on purported 'relevance' of information contained within the produced documents." In response, the trial court stated that "relevance is not a reason to withhold documents."

Throughout March, April, and May 2023, the parties engaged in search terms negotiations. The purpose of those negotiations was to refine the search terms to minimize the number of irrelevant documents generated by the search criteria. The United defendants maintain that they negotiated

> with the understanding that the terms themselves would necessarily be overbroad but that [they] would have the opportunity . . . to review and remove documents that were not responsive to . . . [p]laintiffs' requests for production and that have no bearing on the claims or defenses in this litigation.

6

On May 1, 2023, the court appointed a special discovery facilitator pursuant to Rule 4:41-1, "to hear and recommend resolution of all discovery disputes" between the parties.

On July 6, 2023, the trial court held an unrecorded case management conference to discuss the status of the parties' discovery efforts, including their ESI negotiations. During the conference, the trial court directed the parties to produce all documents returned by the agreed-upon ESI search terms, regardless of whether they were responsive or relevant (July 6 Directive). Further, the trial court directed the parties that they could only withhold documents based on privilege. Those directives were issued even though no party had requested them.

Thereafter, the United defendants requested a pre-motion conference to discuss the July 6 Directive, which was held on August 24, 2023. At that conference, the United defendants raised several concerns, including that the July 6 Directive would lead to the production of thousands of irrelevant documents and require them to conduct a burdensome privilege review. Additionally, the United defendants raised privacy concerns stemming from a related litigation in Nevada where plaintiffs' affiliates posted documents on a public website designated as "Attorneys' Eyes Only" and "Confidential."

A-2031-23

The trial court was not moved by those concerns. As an initial matter, the court noted that "ESI is fundamentally different than just paper documents because ESI is voluminous." Then, in response to the United defendants' relevancy arguments, the trial court stated:

> The purpose is to produce all the relevant documents and if in producing all the relevant documents there are fifty percent of them which are irrelevant, I don't see the harm and I understand [defense counsel's] point that the rules say that relevancy is the touchstone but this is not -- this is something different.
>
> ESI is different, and I'm not saying that we're suppose[ed] to be producing, you know, a mass of irrelevant stuff but the problem is that relevancy shouldn't be decided by the people who are producing the documents because their view of relevance and the other side's view of relevance is different . . . .

Further, regarding the United defendants' privacy concerns, the trial court reasoned:

> [W]ith the appropriate confidentiality orders, [and] clawback provisions of the like in the confidentiality orders, I don't see the harm, and I mean, I understand that the plaintiffs would end up getting some significant number of documents that they haven't requested, a significant number of documents that are not relevant, and I do understand that there's going to be a large number, and it's argued that maybe sixty to seventy percent of the documents aren't going to be relevant, but again, the gatekeeper . . . to decide what is relevant and what is not shouldn't be the ones producing the

documents; it should be the ones receiving the documents because all the search terms are agreed to.

On September 12, 2023, the trial court issued the ESI Order, which memorialized its July 6 Directive. The ESI Order expressly states that "[a] party may not withhold or redact non-privileged ESI documents, even if the producing party believes the document is wholly non-responsive or that it contains only irrelevant information." The ESI Order does, however, exempt privileged documents and provide a limited exception for "a small subset of ESI documents that contain information so propriety that their production could result in business losses or disruption."

Shortly after the ESI Order was entered, defendants moved for leave to appeal to us. We denied the motion, but the Supreme Court granted defendants' motion and remanded the matter to this court for consideration on the merits of the ESI Order.

## II.

On appeal, defendants make two arguments, each of which is augmented by several sub-arguments. First, defendants contend that the ESI Order violates Rule 4:10-2(a) by compelling them to produce irrelevant documents. In support of this argument, defendants assert that the language of Rule 4:10-2(a) prevents courts from treating ESI differently than other forms of discovery. Additionally,

defendants argue that the ESI Order erroneously deprives them, as the producing parties, of their gatekeeping role.

Second, defendants argue that the trial court abused its discretion by ordering discovery that will be unduly invasive and burdensome. Defendants assert that the trial court's order violates their privacy rights, particularly considering their allegation that, in a related matter, plaintiffs' affiliates uploaded defendants' confidential documents to a public website. Additionally, defendants contend that the ESI Order imposes an undue and substantial financial burden on them.

Four amici have filed briefs in support of defendants' positions: Lawyers for Civil Justice, the Chamber of Commerce of the United States of America, the New Jersey Civil Justice Institute, and the Electronic Discovery Institute. The amici contend that the ESI Order violates Rule 4:10-2(a)'s relevancy standard, disregards the role of the producing party, and raises serious privacy and cybersecurity concerns.

In response, plaintiffs argue that the trial court did not misapply Rule 4:10-2(a) and appropriately exercised its broad discretion to manage discovery, especially considering "the troubled history between the parties in exchanging ESI discovery in similar cases in other jurisdictions."

 A-2031-23

III.

We begin by acknowledging that appellate courts generally "defer to a trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." Cap. Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017) (citing Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)). Moreover, "New Jersey's discovery rules are to be construed liberally in favor of broad pretrial discovery." Lipsky v. N.J. Ass'n of Health Plans, Inc., 474 N.J. Super. 447, 463 (App. Div. 2023) (quoting Payton v. N.J. Tpk. Auth., 148 N.J. 524, 535 (1997)) (internal quotation marks omitted); Trenton Renewable Power, LLC, v. Denali Water Sols., LLC, 470 N.J. Super. 218, 227 (App. Div. 2022). Our court system adheres to the view that "essential justice is better achieved when there has been full disclosure so that the parties are conversant with all the available facts." Lipsky, 474 N.J. Super. at 464 (quoting Jenkins v. Rainner, 69 N.J. 50, 56 (1976)) (internal quotation marks omitted). "Consequently, to overcome the presumption in favor of discoverability, a party must show 'good cause' for withholding relevant discovery . . . ." Cap. Health Sys., 230 N.J. at 80.

Rule 4:10-2(a), which applies to electronic discovery, states:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter

11

involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, electronically stored information, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence . . . .

See Est. of Lasiw by Lasiw v. Pereira, 475 N.J. Super. 378, 392 (App. Div. 2023) (applying R. 4:10-2(a) to a discovery dispute concerning ESI).

"Nevertheless, the parties' discovery rights are not unlimited." Piniero v. N.J. Div. of State Police, 404 N.J. Super. 194, 204 (App. Div. 2008). Relevancy is the starting point for what is discoverable, and it constrains what a party can seek and what the responding party needs to produce. See In re Liquidation of Integrity Ins. Co., 165 N.J. 75, 82 (2000).

"In addition to the privilege and relevance limitations provided under Rule[] 4:10-2(a) . . . , Rule 4:10-2(g) addresses matters the court should consider when limiting discovery between parties . . . ." Lipsky, 474 N.J. Super. at 464. Subsection (g) gives "the court the express authority to limit discovery in the circumstances enumerated by the rule in an effort to curb the proliferating discovery abuses attending modern litigation practice." Pereira, 475 N.J. Super.

12

at 393 (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 8 on R. 4:10-2 (2007)) (internal quotation marks omitted).  So, a court should limit discovery if it determines that:

> (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.
>
> [R. 4:10-2(g).]

A.    Whether the ESI Order is Consistent With Rule 4:10-2(a).

"To determine whether the materials sought by the [parties] are discoverable, their potential relevance is the initial inquiry."  Liquidation of Integrity Ins. Co., 165 N.J. at 82.  See also Payton, 148 N.J. at 535 (explaining that a court "must evaluate, as an initial matter, [discovery requests'] relevance to the issues raised in [the] litigation"); Pereira, 475 N.J. Super. at 404 ("Relevancy remains the touchstone of permissible discovery.").  N.J.R.E. 401 defines relevant evidence as "evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action."

"[D]iscovery is not limited to obtaining admissible information but, rather, includes the obtaining of any information, not otherwise privileged, that 'appears reasonably calculated to lead to the discovery of admissible evidence.'" Cap. Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 446 N.J. Super. 96, 114 (App. Div. 2016) (quoting K.S. v. ABC Prof'l Corp., 330 N.J. Super. 288, 291 (App. Div. 2000)) (internal quotation marks omitted). See Pereira, 475 N.J. Super. at 404. Consistent with these principles, we have repeatedly ruled that discovery should be limited to information that is relevant to the claims or defenses involved. Cap. Health Sys., 446 N.J. Super. at 118 (concluding that the trial court abused its discretion by ordering the production of irrelevant evidence); K.S., 330 N.J. Super. at 291-92 (reversing the denial of a protective order because the information sought was "not relevant to plaintiffs' hostile work place theory against defendants"). See also Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:10-2(a) (2024) (identifying various cases where the "relevancy standard" was applied to "bar[] pretrial discovery").

In this matter, the trial court erroneously ordered the parties to produce irrelevant documents in violation of Rule 4:10-2(a). The trial court acknowledged that it "under[stood] that there's going to be a large number . . . maybe sixty to seventy percent of the documents [that] aren't going to be

relevant." The trial court appeared to base its ESI Order on two concepts: (1) that ESI is "fundamentally different" than other forms of discovery and, therefore, that Rule 4:10-2(a)'s relevancy standard should not apply; and (2) that "relevancy shouldn't be decided by the people who are producing the documents." Both concepts are incorrect under well-established law.

We have recently applied Rule 4:10-2(a)'s relevancy standard to the discovery of ESI. See Pereira, 475 N.J. Super. at 392, 404. In so doing, we addressed the express language of Rule 4:10-2(a), stating that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," and then pointed out that the Rule had been amended in 2006 to add the term "electronically stored information (ESI) . . . to subsection (a)." Id. at 392 (quoting R. 4:10-2(a)) (internal quotation marks omitted). Accordingly, the trial court erred in concluding that the nature of ESI somehow precluded the relevancy standard under Rule 4:10-2(a) from applying.

We have also rejected the trial court's second rationale because it has always been the producing party's obligation to conduct a relevancy review prior to production. See Lipsky, 474 N.J. Super. at 468-69. In other words, the producing party is the initial reviewer of what is relevant and what needs to be

15

produced. In that regard, we favorably quoted the following language from a Florida appellate court:

> In civil litigation, we have never heard of a discovery request which would simply ask a party litigant to produce its business or personal filing cabinets for inspection by its adversary to see if they contain any information useful to the litigation. Requests for production ask the party to produce copies of the relevant information in those filing cabinets for the adversary.
>
> [Id. at 468 (quoting Menke v. Broward Cnty. Sch. Bd., 916 So. 2d 8, 10 (Fla. Ct. App. 2005)) (internal quotation marks omitted).]

In Lipsky, we addressed "the novel issue of whether a party to a pending litigation may compel a non-party State agency to turn over its employees' State-issued and personal cell phones to that party's expert for forensic examination, even when the agency has already produced the relevant records from the devices." Id. at 451. We ultimately reversed the order requiring production, holding that discovery rules do "not anticipate that the requesting party will be permitted to search through their opponents' electronic devices for responsive data, any more than [they] anticipate[] that the requesting party would be permitted to search through their opponent's filing cabinets for responsive documents." Id. at 468.

Thus, Lipsky clearly acknowledged that the producing party has a gatekeeping role in deciding whether evidence is relevant and, therefore, subject to discovery. Accordingly, the trial court erred in reasoning that "relevancy shouldn't be decided by the people who are producing the documents."

Of course, both the requesting party and the court have roles if there is evidence that a producing party is improperly withholding relevant discovery. The requesting party can move to compel the withheld discovery. See Brugaletta v. Garcia, 234 N.J. 225, 249-50 (2018) (explaining that "[w]hen a responding party declines to turn over requested documents, the requesting party may file a motion to compel discovery[] [pursuant to] R[ule] 4:23-5(c)"). The court can then review the specific facts and compel relevant discovery and, where appropriate, impose sanctions, including reasonable costs. See Salazar v. MKGC + Design, 458 N.J. Super. 551, 560-61 (App. Div. 2019) (citing R. 4:24-5).

Plaintiffs argue that the trial court's order was an appropriate exercise of its discretion to "address[] fact-specific circumstances -- the troubled history between the parties in exchanging ESI discovery in similar cases in other jurisdictions -- to ensure the production of all relevant information." They concede, however, that the "production of irrelevant documents [is] an inherent

17

and inevitable byproduct" of the trial court's ESI Order.  This argument is flawed for two reasons:  (1) the record in this case does not reflect that either party has wrongfully withheld responsive documents; and (2) a court may not use its discretion to compel the production of irrelevant documents in violation of <u>Rule</u> 4:10-2(a).  <u>See</u> <u>Pereira</u>, 475 N.J. Super. at 404.

B.     Whether the ESI Order was Unduly Invasive and Burdensome.

"The frequency or extent of use of the discovery methods otherwise permitted under these rules shall be limited by the court if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case . . . ."  <u>R.</u> 4:10-2(g).  Accordingly, a court can and should deny ESI discovery that is "unduly invasive and burdensome."  <u>Lipsky</u>, 474 N.J. Super. at 470 (citing <u>R.</u> 4:10-2(g)).

Defendants argue that complying with the trial court's order would be unduly invasive and burdensome in violation of <u>Rule</u> 4:10-2(g).  They claim that the order violates their privacy rights, particularly considering their allegation that, in a related case, plaintiffs' affiliates uploaded defendants' confidential documents to a public website.  Additionally, defendants assert that the ESI Order imposes a substantial financial burden on them as they would have to "conduct a burdensome review of tens of thousands of wholly irrelevant

documents to determine which contain information that 'could result in business losses or disruption.'" The three amici briefs echo these "privacy considerations and accompanying data security risks," and raise concerns about the privacy rights of numerous third parties.

Because we have reversed and vacated the ESI Order on the grounds that it compels the production of irrelevant documents, we need not get into the fact-specific question of whether the order would be "unduly invasive and burdensome" to defendants under Rule 4:10-2(g). Nevertheless, we note that there would be invasions and burdens on both defendants and plaintiffs if the ESI Order was enforced.

Moreover, we point out that plaintiffs never requested the production of all documents identified by the ESI search terms. Plaintiffs, however, now support the ESI order while conceding that much of the discovery would be irrelevant. In doing so, they effectively acknowledge that all parties would be required to produce irrelevant documents, and that process would be invasive, burdensome, and expensive.

IV.

We, therefore, reverse and vacate the ESI Order and remand with direction that the trial court enter a new order governing ESI discovery, limited to producing relevant information.

Reversed, vacated, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hanley

Clerk of the Appellate Division

A-2031-23